# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                       No. 16-CV-01146-RB-CG
                                                                                                              No. 06-CR-01795-RB

STEVIE N. JACKSON,

    Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

       This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Stevie N. Jackson's motion requesting the *Holloway* doctrine to be applied to his criminal case, 06-CR-01795-RB, which was docketed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [CV Doc. 1; CR Doc. 129] Also before the Court is a letter from Defendant asking the Court to hold his *Holloway* "motion in abeyance until [his] attorney can contact this court with further help on [his] behalf." [CV Doc. 2; CR Doc. 130] For the reasons explained below, Defendant's motion to hold this matter in abeyance will be denied, Defendant's *Holloway* motion will be dismissed for lack of jurisdiction as a second or successive § 2255 motion filed without authorization from the United States Court of Appeals for the Tenth Circuit, a certificate of appealability will be denied, and judgment will be entered.

**I.    BACKGROUND**

       On August 16, 2006, Defendant was charged by Indictment with unlawfully, knowingly,

and intentionally possessing with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2.  [CR Doc. 10]  On February 9, 2007, an Amended Information was filed pursuant to 21 U.S.C. § 851(a) seeking an enhanced penalty of "life imprisonment without release; and a fine not to exceed $8,000,000.00" under 21 U.S.C. § 841(b)(1)(A) based on Defendant's three prior convictions for felony drug offenses.  [CR Doc. 39]  Following a jury trial, Defendant was found guilty of the crime charged in the Information and sentenced to life imprisonment consistent with the Amended Information.  [CR Doc. 71]  Judgment was entered on Defendant's conviction and sentence on August 22, 2007.  [CR Doc. 71]  Defendant filed an appeal in the United States Court of Appeals for the Tenth Circuit, which affirmed his conviction and sentence.  [CR Docs. 72, 85]

On July 16, 2009, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 contending, in relevant part, that a sentence of life imprisonment under 21 U.S.C. §§ 841 and 851 constituted cruel and unusual punishment in violation of the Eighth Amendment and was "unacceptable due to the changing views of the Justice Department, Federal Judges, the Sentencing Commission, the present administration, the public and the Congress of the United States."  [CR Doc. 86 at 1]  Magistrate Judge Karen B. Molzen recommended that Defendant's § 2255 motion be dismissed, in relevant part, because his "sentencing claims are without merit."  [CR Doc. 92 at 26]  District Court Judge Michael J. Reagan adopted Magistrate Judge Molzen's Proposed Findings and Recommended Disposition, dismissed Defendant's § 2255 motion, and denied a certificate of appealability.  [CR Doc. 94]  Defendant filed an appeal in the United States Court of Appeals for the Tenth Circuit, which

denied a certificate of appealability and dismissed the appeal. [CR Doc. 104] Defendant filed a petition for writ of certiorari in the Supreme Court of the United States, which was denied. [CR Doc. 108, 110]

On May 13, 2011, while Defendant's appeal was pending, he filed a Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(1)(4)(6), which challenged Judge Reagan's authority to rule on Defendant's § 2255 motion and sought to supplement the record in the § 2255 proceeding. [CR Doc. 100] The Court determined that Defendant's motion was a "true" Rule 60(b) motion to the extent that it challenged the integrity of the § 2255 proceedings in light of Judge Reagan's participation, but denied the motion because "Judge Reagan [had] authority to act as a judge in this District throughout 2011 due to an intercircuit assignment for that duration approved by the Chief Justice of the United States." [CR Doc. 101 at 4] The Court determined that Defendant's motion was a successive § 2255 motion to the extent that it sought to supplement the record in the § 2255 proceeding and, therefore, dismissed it for lack of jurisdiction. [Doc. 101 at 6]

On June 10, 2011, Defendant filed a Motion For Reconsideration pursuant to Fed. R. Civ. P. 59(e), asking the Court to reconsider its order denying in part and dismissing in part his Rule 60(b) motion. [CR Doc. 102] The Court found no basis for reconsideration and, therefore, denied the motion. [CR Doc. 103]

On October 12, 2012, Defendant filed a Motion For Relief From Judgment Dismissing Initial Review Collateral Proceeding § 2255 Motion To Vacate, Set Aside or Correct Sentence For Lack of Legal Representation or Cousel [sic] Pursuant To Fed. R. Civ. P. Rule 60(b)(6) and Intervening Change In Supreme Court Decision In Martinez v. Ryan 182 L.Ed. 2d 271, 132 S. Ct.

1309 (March 20, 2012). [CR Doc. 113] Magistrate Judge Molzen recommended denying Defendant's motion. [CR Doc. 114] This Court adopted the recommendation and denied Defendant's motion for relief from judgment. [Doc. 116]

On December 11, 2012, Defendant filed a Motion To Vacate Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition Due To Clerical Error In Docket Date of Filing Fed. R. Civ. P. 60(b)(6). [Doc. 117] The Court determined that Defendant's motion was a "true" Rule 60(b) motion, but nonetheless denied the motion and denied a certificate of appealability. [CR Doc. 118]

On October 14, 2016, Defendant filed the present motion requesting the *Holloway* doctrine be applied to his criminal case, 06-CR-01795-RB. [CV Doc. 1; CR Doc. 129] On October 24, 2016, Defendant filed a letter asking the Court to "place [his] current motion in abeyance" until his court appointed attorney, Assistant Federal Public Defender Steve Sosa, "can contact this court with further help on [his] behalf." [CV Doc. 2; CR Doc. 130] On October 28, 2016, the Court permitted Attorney Sosa to withdraw as counsel for Defendant and appointed substitute counsel, Attorney Brock Benjamin, to represent Defendant in this proceeding. [CR Doc. 133; CV Doc. 3]

## II. DISCUSSION

The Court first will consider Defendant's motion for stay of the present proceedings and then will proceed to review the merits of Defendant's *Holloway* motion.

*A.*  *Defendant's Motion To Hold This Matter In Abeyance Will Be Denied*

On October 24, 2016, Defendant moved the Court to hold his *Holloway* motion in abeyance until Attorney Sosa "can contact this court with further help on [his] behalf." [CV Doc. 2; CR Doc. 130] The Court subsequently granted Attorney Sosa's motion to withdraw as counsel

for Defendant and appointed substitute counsel, Attorney Brock, on October 31, 2016. [CV Doc 3; CR Docs. 132, 133] More than six months have passed and Attorney Brock has not filed any motions or pleadings on Defendant's behalf. The Court can perceive no reason to delay its preliminary review of Defendant's *Holloway* motion and, therefore, Defendant's request to hold this matter in abeyance will be denied.

B.    *Defendant's Holloway Motion Is A Second Or Successive § 2255 Motion*

Defendant asks the Court to apply the *Holloway* doctrine to his criminal conviction and sentence in 06-CR-01795-RB, dismiss the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A), and resentence him accordingly. [CV Doc. 1; CR Doc. 130] Defendant's motion was filed pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

In *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. July 25, 2014), defendant Francois Holloway was convicted of three counts of carjacking after he "stole three cars at gunpoint during a two-day span in October 1994." *Id.* at 312. Each count of carjacking "was accompanied by its own so-called § 924(c) count," which makes "it a crime to, among other things, use a firearm during a crime of violence." *Id.*; *see* 18 U.S.C. § 924(c). Under the

then-mandatory United States Sentencing Guidelines, the Court "imposed a 151-month prison term for the three carjackings" and the following consecutive terms of imprisonment under § 924(c): "a mandatory 5 years for the first one; a mandatory 20 for the second another mandatory 20 for the third." *Id.* Thus, Holloway was sentenced to a total term of imprisonment of 57 years and 7 months. *Id.* at 313.

Holloway's conviction and sentence were affirmed on appeal in 1997, his collateral attack pursuant to § 2255 was denied in 2002, and his request to file a second § 2255 motion was denied by the United States Court of Appeals for the Second Circuit in 2010. *Id.* at 313-14. In 2012, Holloway filed a motion to reopen his § 2255 proceeding pursuant to Fed. R. Civ. P. 60(b). *Id.* at 314. The District Court recognized that there were "no legal avenues or bases for vacating" Holloway's conviction, but that "good reasons [exist] to revisit Holloway's excessive sentence." *Id.* Therefore, the District Court asked the United States Attorney "to consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." *Id.* After Holloway's request for clemency from the President was denied, the United States Attorney agreed to vacate two of Holloway's § 924(c) convictions in light of his "extraordinary" disciplinary record while in the custody of the Bureau of Prisons and his victims' lack of opposition. *Id.* at 315. Therefore, the Court vacated two of Holloway's § 924(c) convictions and resentenced him without the two mandatory twenty-year terms of imprisonment.

The Eastern District of New York's decision in *Holloway* is not binding precedent on this Court and it does not "create an actionable new right under federal law." *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio September 13, 2016) (unpublished). Indeed, "even in *Holloway* and other cases where the U.S. Attorney has agreed to the vacatur of a

6

sentence, a procedural vehicle was still needed to accomplish that relief." *United States v. Zullo*, No. 1:09-CR-64-2, 2017 WL 1058466, at *4 (D.Vt. January 26, 2017) (unpublished). Therefore, the Court must determine the appropriate procedural vehicle for Defendant's *Holloway* motion. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

It is well established that "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Both 18 U.S.C. § 3582 and 28 U.S.C. § 2255 provide the requisite statutory authorization and, therefore, the Court will consider whether to characterize Defendant's *Holloway* motion as one brought pursuant to 18 U.S.C. § 3582 or 28 U.S.C. § 2255.

Title 18 of the United States Code, Section 3582(c) provides that the Court "*may not* modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c) (emphasis added), except in three limited circumstances:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds that special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Bureau of Criminal Procedure." *Id.* § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). In the present case, the Director of the Bureau of Prisons has not moved to reduce Defendant's term of imprisonment and the relief sought by Defendant is not expressly permitted by statute or Fed. R. Crim. Proc. 35. Lastly,

Defendant does not contend that his sentencing range has been lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o).[1] Therefore, the Court concludes that sentencing relief is not available under § 3582(c).

Because relief is not available under § 3582(c), a motion pursuant to 28 U.S.C. § 2255 is Defendant's "exclusive remedy" for "attacking the legality of his detention." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). It is unclear whether Defendant seeks to reopen his first § 2255 proceeding pursuant to Fed. R. Civ. P. 60(b) or whether he seeks to initiate a second or successive § 2255 proceeding. Regardless, a Rule "60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of the a prior habeas petition." *Id.* at 1215-16. Defendant's *Holloway* motion does not challenge the proceedings on his first § 2255

---

[1] Rather, Defendant contends that "[t]he prosecutor would decline a § 851 enhancement today based on the August 12, 2013 Holder Memorandum." [CV Doc. 1 at 6; CR Doc. 130 at 6] Defendant appears to be referring to an August 12, 2013 Memorandum To The United States Attorneys and Assistant Attorney General For the Criminal Division by then United States Attorney General Eric Holder on "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases." *See* https://www.documentcloud.org/documents/1094233-attorney-general-eric-holders-memorandum-on.html (last visited May 15, 2017). The Court notes that Holder is no longer Attorney General of the United States and that the current Attorney General, Jeff Sessions, has rescinded Holder's 2013 charging policy and instead instituted a new policy directing prosecutors to "charge and pursue the most serious, readily provable offense," which by definition "carry the most substantial guidelines sentence, including mandatory minimum sentences." *See* https://www.justice.gov/opa/pr/attorney-general-sessions-issues-charging-and-sentencing-guidelines-federal-prosecutors (last visited May 15, 2017). Regardless, the 2013 policy was "not intended to create or confer any rights, privileges or benefits in any matter, case, or proceeding," and, therefore, does not provide a basis for relief. *See United States v. Davis*, No. 03-10157-01-JTM, 2013 WL 5651619, at *2 (D. Kan. October 15, 2013) (denying the defendant's motion for sentencing relief under 18 U.S.C. § 3582(c) because the defendant's sentencing range had not been lowered by the Sentencing Commission and Attorney General Holder's 2013 charging policy is not "retroactively applicable to cases in which sentence has been imposed") (unpublished).

motion, but rather asserts a federal basis for relief from the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A) and, therefore, the Court concludes that it is a second or successive § 2255 motion.[2]

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). A district court may, however, "transfer the matter to [the United States Court of Appeals for the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631." *In re Cline*, 531 F.3d at 1252; *see* 28 U.S.C. § 1631. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *In re Cline*, 531 F.3d at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence, that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h).

---

[2] Ordinarily, when a district court recharacterizes a pro se pleading as a motion for relief under 28 U.S.C. § 2255, it must provide the defendant with an opportunity to withdraw or amend the motion. *See Castro*, 540 U.S. at 383. However, "the reason for this restriction on recharacterization does not apply where, as in this case, the petitioner previously filed a § 2255 petition," because "[i]f the prisoner has filed once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

9

Defendant's second or successive § 2255 motion is not predicated on "newly discovered evidence," nor does it seek relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." § 2255(h). Because it appears that Defendant's motion does not present a meritorious successive claim, the Court will dismiss his motion for lack of jurisdiction and deny a certificate of appealability.

The Court commends Defendant on his disciplinary record and his accomplishments during his incarceration, including his successful completion of educational courses and the Life Connections program. The Court hopes that Defendant will not be discouraged by the dismissal of his successive § 2255 motion, but will continue his efforts to, in his own words, "make the best [of] a horrible situation." [CV Doc. 1 at 14; CR Doc. 129 at 14]

**IT IS THEREFORE ORDERED** that Defendant's request to hold this matter in abeyance [CV Doc. 2; CR Doc. 130] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's second or successive § 2255 motion [CV Doc. 1; CR Doc. 129] is **DISMISSED** for lack of jurisdiction; a certificate of appealability is **DENIED**; and judgment will be entered.

_____
UNITED STATES DISTRICT COURT JUDGE